UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRESOR MALEKA-NDANDU,<br><br>                          Plaintiff,<br><br>v.<br><br>ELITE SECURITY STAFFING, and ELITE SHOW SERVICES, INC.,<br><br>                          Defendants. | Case No.: 23-cv-1100-GPC-JLB<br><br>**ORDER**<br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS;**<br>**[ECF No. 2]**<br>**(2) SUA SPONTE DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM;**<br>**(3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br>**[ECF No. 3]** |

Plaintiff Tresor Maleka-Ndandu, proceeding pro se, filed a complaint against Defendants Elite Security Staffing and Elite Show Services, Inc. ECF No. 1. Maleka-Ndandu additionally filed an application to proceed *in forma pauperis* ("IFP"), ECF No. 2, and a request for appointment of counsel, ECF No. 3. Based on the reasoning below, the Court DENIES Plaintiff's motion to proceed *in forma pauperis*; sua sponte DISMISSES the action for failure to state a claim; and DENIES Plaintiff's motion for appointment of counsel. The Court GRANTS Plaintiff leave to amend the complaint, motion to proceed IFP, and request for appointment of counsel.

A.      **Motion To Proceed** *In Forma Pauperis*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except on application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to section 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating their inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (demonstrating the statute's applicability to non-prisoner plaintiffs). Meaning, "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.' " *Id.* at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). There is no established formula to determine IFP status. *Id.* at 1235. Though generally "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234; *accord Adkins v. E.I. Dupont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Maleka-Ndandu submitted an incomplete and self-contradictory IFP application. ECF No. 2. The application is incomplete because the instructions on the first page, above where Maleka-Ndandu dated the form, require that the applicant not leave any blanks and to instead write " '0,' 'none,' or 'not applicable (N/A)' " wherever that is the correct response. *Id.* at 1.[2] Maleka-Ndandu left several questions blank, *see id.* at 2 (blank spaces in second row of Maleka-Ndandu's employment history; spouse's employment history; and financial information), and failed to describe the major financial changes expected

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Page numbers are based on the CM/ECF pagination.

during the next 12 months, *id.* at 5. The form is self-contradictory because it suggests both that during the past twelve months Maleka-Ndandu did not earn any employment income, and that he was grossing $1,500 per month from employment until February 28, 2023. *Id.* at 1–2; *see also* ECF No. 1 at 2 (providing employment end date of February 28, 2023). Maleka-Ndandu reports not having any other sources of income, no assets, and no monthly expenses. ECF No. 2 at 1–5.

Because Maleka-Ndandu's application to proceed *in forma pauperis* is incomplete and self-contradictory, the application is DENIED with leave to amend. If Maleka-Ndandu intends to proceed in this matter, he should either pay the filing fee in its entirety *or* submit a new IFP application within **30 days** of the date of this Order. The new IFP application, if filed, should be complete, correct any reporting mistakes, and demonstrate that Maleka-Ndandu would struggle to afford both the $402 in filing costs and the necessities of life.

**B.    Sua Sponte Dismissal Pursuant To 28 U.S.C. § 1915(e)(2)**

    **1.    Legal standards**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "(i) frivolous, or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Under Federal Rule of Civil Procedure ("Rule") 8(a), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim . . . [and] a demand for the relief sought, which may include relief in the alternative or different types of relief." A complaint should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) ("To comply with Rule 8 each plaintiff must plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and

1 the elements of the prima facie case . . . ."). To state a claim upon which relief may be
2 granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a
3 claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
4 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Though, legal conclusions
5 are "not entitled to the assumption of truth." *Id.* at 679–80. A claim is facially plausible
6 when the factual allegations permit "the court to draw the reasonable inference that the
7 defendant is liable for the misconduct alleged." *Id.* at 678.

8       Federal courts have limited jurisdiction and the party asserting jurisdiction bears the
9 burden of establishing it. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).
10 Federal courts "possess only that power authorized by [the] Constitution and statute." *Id.*
11 at 378; *accord Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The
12 court is constitutionally required to raise issues related to federal subject matter jurisdiction
13 and may do so sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94
14 (1998); *see Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well
15 established that 'a court may raise the question of subject matter jurisdiction, sua sponte,
16 at any time during the pendency of the action, even on appeal.' " (quoting *Snell v.*
17 *Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))). Accordingly, federal courts have a
18 continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte
19 whenever a doubt arises as to [its] existence." *Mt. Healthy City Sch. Dist. Bd. of Educ. v.*
20 *Doyle*, 429 U.S. 274, 278 (1977). "If the court determines at any time that it lacks subject-
21 matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

22       There are two bases for federal subject matter jurisdiction: (1) federal question
23 jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332.
24 A district court has federal question jurisdiction in "all civil actions arising under the
25 Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Federal question
26 jurisdiction exists only when a federal question is presented on the face of the plaintiff's"
27 well-pleaded complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). In
28 relevant part, a district court has diversity jurisdiction "where the matter in controversy

exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

Courts "liberally construe[]" pro se claims and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "This rule is particularly important in civil rights cases." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

**2.     Discussion**

Maleka-Ndandu's complaint is against Elite Security Staffing. ECF No. 1 at 1. Maleka-Ndandu states that in February 2023, while working as a security guard for Elite Security Inc. in San Diego, he was "attacked" by a client that "tried to run" Maleka-Ndandu over with a car. *Id.* at 2. Within the month, Maleka-Ndandu allegedly reported the incident to Elite Show Services, Inc. *Id.* On February 28, 2023, Elite Show Services, Inc. allegedly wrongfully terminated Maleka-Ndandu's employment. *Id.* No other facts are alleged in the complaint. *See id.* at 1–4 (absence). Maleka-Ndandu seeks one million dollars in compensatory damages for mental health trauma. *Id.* at 3.

Maleka-Ndandu's complaint fails to satisfy the Rule 8 pleading standards. Although the suit was filed against Elite Security Staffing, *id.* at 1, the statement of the claim identifies two other entities—Elite Security Inc. and Elite Show Services, Inc., *id.* at 2— without explaining the relationship between the three entities. Even under a liberal construction, it is unclear how Elite Show Services, Inc. could have wrongfully terminated Maleka-Ndandu's job with Elite Security Inc. or how Elite Security Staffing could be liable for either the alleged incident with the client or the wrongful termination.

Furthermore, the complaint is not clear as to which cause of action and corresponding elements Maleka-Ndandu is seeking to recover damages against the defendant or defendants. State and federal law offer multiple avenues for wrongful

termination claims.[3]  For example, Title VII of the Civil Rights Act of 1964 encodes many causes of action for various forms of employment discrimination and retaliation.  *See* 42 U.S.C. §§ 2000e through 2000e-17.  A plaintiff seeking relief under Title VII must both allege the requisite elements of the particular cause of action and exhaust administrative remedies prior to bringing a lawsuit "by filing a charge with the Equal Opportunity Commission ('EEOC') or a qualifying state agency and receiving a right-to-sue notice." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1104 (9th Cir. 2018); *see* 42 U.S.C. § 2000e-5.  There is no suggestion in the complaint that Maleka-Ndandu received a right-to-sue notice or otherwise pursued relief from the EEOC or its equivalent state agency.

Accordingly, Maleka-Ndandu's complaint is DISMISSED with leave to amend.  If Maleka-Ndandu intends to proceed in this matter, he shall file an amended complaint within **30 days** of the date of this Order.  The amended complaint should clearly explain the facts giving rise to Maleka-Ndandu's injuries and identify the theory or theories of liability against each defendant.

**C.     Request For Appointment Of Counsel**

"[T]here is no absolute right to counsel in civil proceedings." *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, under 28 U.S.C. § 1915(e)(1), federal courts are afforded discretion to appoint counsel for "any person unable to afford counsel."  The appointment of counsel requires "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *accord Wilborn v. Escalderon*, 789 F.2d 1328, 1330 (9th Cir. 1986).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' " *Terrell*, 935 F.2d at 1017 (quoting *Wilborn*, 789 F.2d at 1331).  Neither factor "is dispositive and both must be

---

[3] Recourse under California state law may include, for example, a tort cause of action for wrongful termination in violation of public policy.  *See Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1377–78, 196 Cal. Rptr. 3d 68, 75–76 (2015) (discussing California Supreme Court's recognition of "common law tort cause of action for at-will employees against employers who discharge them in violation of fundamental public policy").

viewed together before reaching a decision." *Id.* (quoting *Wilborn*, 789 F.2d at 1331). Indigent plaintiffs are required to "make a reasonably diligent effort to secure counsel as a prerequisite to the court's appointing counsel for them." *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993); *accord Skelly v. U.S. Dep't of Educ.*, No. 19-cv-1812-GPC-BLM, 2019 WL 6840398, at *5 (S.D. Cal. Dec. 16, 2019).

Maleka-Ndandu requests court-appointed counsel because he is not knowledgeable in the law. *See* ECF No. 3 at 3. Maleka-Ndandu does not appear to have made any efforts to obtain legal counsel. *See id.* at 1–2 (space provided to identify attorneys that declined representation left blank). As discussed above, the Court finds that Maleka-Ndandu's financial circumstances do not clearly establish his indigency. *See supra* Part A. Moreover, Maleka-Ndandu does not meet his burden of demonstrating reasonable diligence to secure counsel. *See Bailey*, 835 F. Supp. at 552. Finally, due to the above-described deficiencies in the complaint, *see supra* Part B, it is unclear whether Maleka-Ndandu's circumstances are "exceptional"; whether there is a likelihood of success on the merits; and whether counsel would be necessary to help Maleka-Ndandu to articulate his claims. *See, e.g.*, *Cavazos v. Garilaso*, No. 3:21-cv-01156-JAH-LR, 2023 WL 2702565, at *1 (S.D. Cal. Mar. 29, 2023) (denying counsel appointment despite claimant's "poor mental health, . . . limited library access, and limited time to prepare . . . case"); *Skelly*, 2019 WL 6840398, at *5 (denying counsel appointment despite plaintiff receiving IFP and demonstrating reasonably diligent effort to obtain counsel). Accordingly, the Court concludes the circumstances do not support appointment of counsel at this stage of the proceedings. Maleka-Ndandu's request for appointment of counsel is DENIED with leave to amend.

**D.     Leave To Amend**

District courts "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

The Court GRANTS Maleka-Ndandu LEAVE TO AMEND his motion to proceed *in forma pauperis*, his complaint, and his request for appointment of counsel. If Maleka-Ndandu would like to proceed in this matter, he must file an amended complaint within **30 days** of the date of this Order. The Amended Complaint must be complete by itself without reference to any previous pleading. *See* Civ. L. Rule 15.1(a). The amended complaint should clearly state the causes of action upon which Maleka-Ndandu's claims are based—such as any common law, statutory, or constitutional violation. Any amended complaint must be accompanied either by the $402 filing fee or a complete amended IFP application addressing the deficiencies discussed above.

If Maleka-Ndandu fails to timely amend, the Court will enter a final order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

### E.  Conclusion

For the reasons explained above, the Court DENIES Maleka-Ndandu's request to proceed *in forma pauperis*; sua sponte dismisses the complaint for failure to state a claim upon which relief may be granted; and DENIES the request for appointment of counsel. The Court GRANTS Maleka-Ndandu leave to amend the motion to proceed *in forma pauperis*, the Complaint, and the request for appointment of counsel. Any amended filings must be made within **30 days** of the date of this Order or else the case will be closed without further opportunity to amend.

**IT IS SO ORDERED.**

Dated: July 18, 2023

Hon. Gonzalo P. Curiel
United States District Judge